## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 21 2020, 8:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara S. Wieneke
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tina L. Mann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ernest Cowart, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 21, 2020 <br><br> Court of Appeals Case No. 20A-CR-1428 <br><br> Appeal from the Vigo Superior Court <br><br> The Honorable Sarah K. Mullican, Judge <br><br> Trial Court Cause No. 84D03-1908-F5-3339, 84D03-1901-F5-143, & 84D03-1802-F5-621 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Ernest Cowart (Cowart), appeals the trial court's restitution Order following his plea agreement for three Counts of burglary, Level 5 felonies, Ind. Code § 35-43-2-1; and three Counts of theft, Level 6 felonies, I.C. § 35-43-4-2(a).

We affirm.

# ISSUE

Cowart presents this court with one issue on appeal, which we restate as: Whether the trial court abused its discretion when it ordered Cowart to pay restitution.

# FACTS AND PROCEDURAL HISTORY

In February 2018, Cowart broke into Donald Nesbit's (Nesbit) storage unit at Red Dot storage facility and stole Nesbit's property, which was later located at a local pawn shop. At the time, Cowart was renting a storage unit across from Nesbit's. After obtaining of a search warrant for Cowart's unit, several of Nesbit's items were located inside. On February 26, 2018, the State filed an Information, charging Cowart with one Count of Level 5 felony burglary and one Count of Level 6 felony theft under Cause number 84D03-1802-F5-621.

On December 31, 2018, the manager at the Red Dot storage facility located fifteen storage units with the locks cut off the doors. Robert Arms (Arms), one of the tenant's whose lock had been cut off his unit, had property taken, which

was later placed for sale on Facebook's marketplace by Cowart. On January 11, 2019, the State filed an Information, charging Cowart with one Count of Level 5 felony burglary and one Count of Level 6 felony theft under Cause number 84D03-1901-F5-143.

[6] On August 14, 2019, police officers responded to You Store It concerning a break-in in a storage unit rented by Connie Mellinger (Mellinger). Surveillance video footage showed Cowart breaking into Mellinger's unit, taking items out of the unit and placing them into the car he was driving. On August 28, 2019, the State filed an Information, charging Cowart with one Count of Level 5 felony burglary and one Count of Level 6 felony burglary under Cause Number 84D03-1908-F5-3339.

[7] On February 27, 2020, Cowart entered into a plea agreement with the State in which he agreed to plead guilty to all charges under the three Cause numbers in exchange for the State agreeing to a "term of imprisonment of not more than 9 years[.]" (Appellant's App. Vol. II, p. 209). On July 13, 2020, the trial court conducted a sentencing hearing. During the sentencing hearing, Mellinger testified that porcelain dolls and a toolbox had been taken from her storage unit. She estimated the value of the dolls to be "roughly [$2,000]," while her "son said" that the toolbox was "around [$500]." (Transcript p. 23). Arms testified that quality tools taken from his storage unit were worth "close to about [$30,000]" and included, among others, 18 different styles of wrenches, crow bars, breaker bars, full kit for brake work, full kit for ball joint kit, an old tester computer for diagnostics on engines, and 25,000 to 30,000 piece tools contained

in three full toolboxes. (Tr. p. 33). Acknowledging that the tools depreciated over time, he estimated that he "would like to see at least [$15,000]." (Tr. p. 34). In support of his estimation, Arms submitted statements to the probation department, which were then included with Cowart's PSI. At the sentencing hearing, the trial court questioned Arms about the statements, which indicated a revolving line of credit with Snap-on. Arms confirmed that all of the tools included in the statement had been taken from the storage unit and requested $15,000 in restitution. At the close of the evidence, the trial court sentenced Cowart to a nine-year aggregate sentence and ordered him to pay restitution to Mellinger in the amount of $2,500 and to Arms in the amount of $9,171.

[8]     Cowart now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[9]     Cowart contends that the trial court abused its discretion when it ordered him to pay restitution to Arms in the amount of $9,171 for the tools he had stolen out of Arms' storage unit as a condition of his probation because the restitution amount was based on pure speculation and not supported by evidence.[1] A restitution order must be supported by sufficient evidence of actual loss sustained by the victim or victims of a crime. *Rich v. State*, 890 N.E.2d 44, 49 (Ind. Ct. App. 2008). The amount of actual loss is a factual matter that can be

---

[1] Cowart does not appeal the trial court's restitution order for Mellinger, nor does he allege that the trial court failed to inquire of his ability to pay restitution.

determined only upon the presentation of evidence. *Id.* We review a trial court's order for restitution for an abuse of discretion. *Id.* We will affirm the trial court's order if sufficient evidence exists to support its decision. *Id.* "The purpose behind an order of restitution is to impress upon the criminal defendant the magnitude of the loss he has caused and to defray costs to the victim caused by the offense." *Id.* at 50. For crimes involving harm to property, a trial court "shall base its restitution order upon a consideration of . . . property damages of the victim incurred as a result of the crime, based on the actual cost of repair (or replacement if repair is inappropriate)." I.C. § 35-50-5-3(a)(1).

[10] Arms testified that after he left military service, his plan was to become a mechanic by trade, something he had been pursuing since he was 19. Through a revolving line of credit with Snap-on, Arms purchased about $30,000 worth of quality tools. Some of these tools were priceless as they had been handed down by his step-father. Due to the loss of his tools, Arms could no longer work at his trade and enrolled at Ivy Tech, which made it difficult to provide for his family. Arms compiled an itemized list of tools that had been taken from his storage unit for the police officers. To establish the value of his loss, Arms provided the court with statements of Snap-on's revolving line of credit, representing the cost of the tools, late fees, finance charges and acknowledged that the tools had depreciated in value at the time of their theft. Although Cowart failed to question Arms on the value of the tools, instead choosing to focus on the weight and number of tools, the trial court did extensively inquire into the provided statements. Accordingly, we find that the presented evidence

was sufficient for estimating the loss to Arms. *S.G. v. State*, 956 N.E 2d 668, 683 (Ind. Ct. App. 2011) ("Evidence supporting a restitution order is sufficient if it affords a reasonable basis for estimating the loss and does not subject the trier of fact to mere speculation or conjecture."), *trans. denied*.

## CONCLUSION

[11] Based on the foregoing, we hold that the trial court did not abuse its discretion by ordering Cowart to pay restitution to Arms in the amount of $9,171.

[12] Affirmed.

[13] Najam, J. and Crone, J. concur